No. 49,299

Rex K. Bell, *et al., Appellee,* v. City of Topeka, *et al., Appellants.*

(577 P.2d 1193)

Opinion filed May 6, 1978.

*Richard E. Jones,* assistant city attorney, argued the cause, and *Dan E. Turner,* city attorney, was with him on the brief for the appellant.

*John E. Stumbo,* of Stumbo, Stumbo, Palmer, McCallister & Buening, of Topeka, argued the cause, and *Gary D. McCallister,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

Miller, J.: This is the second appearance in this court of this action, brought by Bell and other property owners against the City of Topeka to enjoin the City from enforcing certain ordinances levying and assessing part of the cost of improving Burlingame Road against the real estate within a benefit district. We sustained the positions taken by the landowners, reversed the judgment below, and remanded the case for further proceedings, in *Bell v. City of Topeka,* 220 Kan. 405, 553 P.2d 331 (1976). The underlying facts are set forth in that opinion.

Following remand, the trial court entered rulings from which the City now appeals. Concisely stated, the City contends that the trial court misconstrued our opinion in *Bell,* and erred in defining "intersections"; and that the court erred in assessing certain accrued interest against the City. The pertinent portions of Judge Barbara's findings and orders read:

"That the boundaries of the intersections at 37th Street and 29th Street were resolved at the trial by the 'Stipulation' submitted to the Court by the parties on October 2, 1974. That the City was bound by that Stipulation and that that Stipulation and the exhibit which was attached to it showed that the intended intersections were the area where the two streets came together as well as

extensions in four directions at the intersection of 29th Street and three directions at the intersection of 37th Street. That pursuant to the decision of the Supreme Court of the State of Kansas in *Bell v. The City of Topeka,* 220 Kan. 405 (1976), all of the costs of the intersections at West 29th Street and Burlingame Road and West 37th Street and Burlingame Road should be subtracted from the amount to be assessed against the property within the benefit district as it is restructured and should be paid by the City at Large. That the costs subtracted should mean all costs of such intersections, including construction costs, engineering, medians, left hand turn lanes, all purpose traffic signals, supervision and right-of-way acquisition. That the definition of intersection for the purpose of subtracting costs at the intersection of 29th Street and Burlingame Road is as it extends in all four directions and begins at the point where the pavement widens to accommodate the medians and left hand turn lanes. That the definition of intersection for the purpose of subtracting costs at the intersection of 37th and Burlingame Road is as it extends in three directions (exclusive of the west segment) and begins at the point where the pavement widens to accommodate the medians and left hand turn lanes.

. . . . . . . . . . . . . .

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that all costs of the intersection at 29th and Burlingame Road extending outward in four directions and beginning at the point in each direction where the pavement widens to accommodate the left hand turn lanes and medians be paid by the City at Large and not assessed to the property owners within the newly constituted benefit district. That all costs of the intersection at 37th and Burlingame Road extending outward in three directions, exclusive of west, and beginning at the point in each direction where the pavement widens to accommodate the left hand turn lanes and medians be paid by the City at Large and not assessed to the property owners within the newly constituted benefit district. That 'costs' shall include but not be limited to construction, engineering, supervision, right-of-way, traffic signals, medians, and left hand turn lanes.

. . . . . . . . . . . . . .

". . . [T]he Supreme Court of the State of Kansas in the case of *Bell vs. City of Topeka,* appearing at 220 Kan 405 (1976) . . . found that the assessment against the property owners within the proposed benefit district was unjust, unreasonable and arbitrary and that the manner in which the district had been created was unlawful. That the delay herein and resulting increase in the interest on the temporary notes was occasioned by the Plaintiffs' appeal, but their position was vindicated. The City had made an unlawful assessment. Equity required that the Plaintiffs be free from a penalty of additional interest because of an exercise of the right to successfully attack an illegal act.

"That the City may not lawfully include the interest accrued on the temporary notes from the date of the order of the temporary injunction issued by this Court on December 31, 1974, until the temporary notes are paid by the issuance of bonds against the property owners within the newly structured benefit district.

IT IS THEREFORE BY THE COURT, CONSIDERED, ORDERED, ADJUDGED AND DECREED that in accordance with the above and foregoing findings, the property owners and property within the eventual benefit district for

this improvement shall not be obligated to pay any of the costs of the interest on the temporary notes from the date of issuance of the injunction on December 31, 1974, until such notes shall have been paid off by issued bonds, and that such interest accruing between December 31, 1974, and the dates the bonds are sold shall be paid by the City at large."

We agree with the trial court on both issues, and we affirm.

Stipulation No. 6 was a part of the original record before this court. It consists of a written stipulation, part of which is a plat designated "Exhibit A." Concerning this plat, the parties stipulated "that the costs of the pavement marked in yellow was extracted from the total cost of [the improvement project] . . .; that the red line shows the proposed and new finalized benefit district; and the white area represents *the remaining portions of the two intersections* of Burlingame Road and 29th Street and 37th Street remaining in the benefit district." (Emphasis supplied.)

The areas marked in yellow and in white, together, include not only the portions of intersecting streets common to both, but include all portions of 29th Street, 37th Street, and Burlingame Road, which are widened to accommodate median strips and left-turn lanes. Three such extra-wide areas, complete with median strips and left-turn lanes, are found at 37th and Burlingame, and four at 29th and Burlingame.

The assessment of the cost of these elaborate intersections was an issue in the original appeal. Justice Kaul, speaking for a unanimous court, said:

"Plaintiffs next claim the city violated a binding motion passed by it deleting from the benefit district a portion of the costs of the major traffic thoroughfare. Plaintiffs' contention on this point is directed at the inclusion of a portion of the costs of the 29th and 37th Streets intersections in the levy against the district. In the city's master plan for major traffic thoroughfares, adopted in 1958, 29th Street was designated a major traffic thoroughfare throughout its course across the city. The portion of 37th Street extending from Burlingame Road through Topeka Boulevard, the major north-south trafficway in the city, was, likewise, designated in the master plan. It is undisputed that both 29th and 37th Streets were justifiably designated major traffic thoroughfares. The intersections in question are described as sophisticated and highly developed, including extensive median strips and left-hand turn lanes, and all purpose traffic signals.

". . . Where intersections, such as those in question, are designed, primarily to control the pattern and flow of through traffic into and across the intersections of major thoroughfares, the benefit, if any, to adjacent property is obviously negligible in comparison to the city at large.

"Under the particular facts and circumstances surrounding the city's actions concerning the intersections in question, viewed together with the extreme disproportion of the burden imposed to the benefits received, we hold that the assessment of any costs of the 29th and 37th Streets intersections against the benefit district property is arbitrary and unreasonable and that such assessment must be enjoined." 220 Kan. at 418-420.

When the parties to this case, the trial court, and this court in *Bell,* supra, spoke of "intersections," the area intended to be described included not only the portions common to the intersecting streets, but the widened areas of the streets which include median strips and left-turn lanes. The cost of those areas is not to be assessed against the benefit district.

We turn next to the question of interest. When temporary notes are issued to finance a street improvement project, the interest on the temporary notes accruing from the time of issuance until the project is completed is a part of the overall cost of the project, and as such may be assessed against the real property within the improvement district. *Dodson v. City of Ulysses,* 219 Kan. 418, 549 P.2d 430 (1976). Ordinarily, bonds are issued promptly; the temporary notes are paid out of the bond proceeds; and the principal amount of the bonds issued includes the amount of accrued temporary note interest, as well as note principal.

The landowners here did not complain about temporary note interest accrued throughout construction; that interest was treated as part of the cost of construction by the district court's order. The landowners, however, successfully contended that they should not be charged with the interest accruing after actual construction was completed and an injunction was issued, for the reason that the ensuing delay of over three years was due to the fault of the City. We agree.

The extended delay, with the corresponding accrual of temporary note interest since December 31, 1974, is attributable to the acts of the City in (1) improperly and unlawfully creating the benefit district; (2) unjustly, arbitrarily, and unreasonably assessing the cost of construction of the elaborate intersections against the district (all as determined in *Bell,* supra); and (3) failing to comprehend and abide by the *Bell* decision. It would be manifestly unjust to assess the interest accrued since December 31,

1974, against the benefit district because the entire delay was caused by the wrongful, illegal, and unreasonable acts of the City.

The judgment of the trial court is sound, well reasoned, and correct. It is affirmed.